McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Pamela L. McGaha
Nevada Bar No. 8181
  *pamela.mcgaha@mccormickbarstow.com*
Chelsea M. Bravin
Nevada Bar No. 16503
  *chelsea.bravin@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:   (702) 949-1100
Facsimile:   (702) 949-1101

Attorneys for AMERICAN FAMILY MUTUAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN GURNER and MICHELLE GURNER, husband and wife; CLAIRE GURNER; and CAMERON GURNER,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin company,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-00158-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　This Stipulation is entered into by and between John Gurner, Michelle Gurner, Claire Gurner and Cameron Gurner and American Family Mutual Insurance Company (referred to collectively as the "Parties") by and through their attorneys of record, based on the following:

　　　　The Parties assert that certain documentation and information sought constitutes confidential, proprietary, sensitive, trade secret, financial, business, and other commercial records and information entitled to protection from disclosure;

　　　　The Parties desire to establish a mechanism to prevent the improper disclosure of such information and documentation produced;

1    The Parties desire the procedures outlined in this Order shall apply to all documents, things and information subject to discovery from or disclosed by the Parties pursuant to the Federal Rules of Civil Procedure, more specifically, as follows: Claims manuals, internal performance and employee incentive materials;

The Parties acknowledge that this Order does not entitle any of the Parties to file confidential information under seal, the procedures and standards for which are set forth in Nevada Local Rule 10-5 and must be adhered to by any Party seeking to file any materials under seal.

The Parties intend that this stipulation be binding upon them and enforceable as an Order of the Court. The Parties seek the Court's approval and entry of the terms of this stipulation as an Order of the Court.

IT IS HEREBY ORDERED THAT:

I.    (1)    The parties hereto recognize that some of the information, documents, and the things that may be disclosed or may be discoverable under the Rules of Civil Procedure in this action might allegedly include trade secret or other confidential information or proprietary business or commercial information of the party from which discovery is sought ("Confidential Information"), the public disclosure of which would likely be competitively harmful. To the extent the parties produce documents and/or other things allegedly containing Confidential Information which the producing party determines warrants protection, those documents shall be subject to this Stipulated Protective Order Regarding Confidentiality.

(2)    The parties hereto agree that limitations on the disclosure and use of Confidential Information are desirable for the orderly conduct of discovery in this action, while at the same time providing protection from the misuse of each party's Confidential Information.

(3)    Each party to this action who produces or discloses any documents, things, interrogatory answers, admissions, deposition transcripts, or information which the producing or disclosing party ("Producing Party") reasonably believes to comprise or contain Confidential Information, and which the Producing Party desires to be subject to this Protective Order, shall have stamped or written upon that document or tangible thing one of the two following designations as reasonably determined by the Producing Party:

        (a)    "CONFIDENTIAL", or

        (b)    "CONFIDENTIAL ATTORNEY'S EYES ONLY"

All documents and tangible items so marked as provided in Paragraph I(3) must be visibly marked on each page or separate item by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." A deposition transcript may be designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by any party or witness by requesting such treatment thereof either (1) on the record, or (2) by written communication mailed within thirty (30) days after receipt by the witness or his counsel of the transcript. If "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" treatment of a transcript is requested on the record, the court reporter shall be instructed to mark the face of the transcript(s) containing the designated testimony with the designation "CONTAINS CONFIDENTIAL MATERIAL" and/or "CONTAINS CONFIDENTIAL MATERIAL FOR ATTORNEY'S EYES ONLY" and shall further identify within the transcript those portions of the testimony requested to be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." Copies of all exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be separately marked accordingly. If a Party seeks to file designated transcript portions with the Court, the Party shall first seek permission to file them under seal as provided in Paragraph VIII below.

II.    (1)    All documents and tangible things marked as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY shall be held by the Party receiving same (the "Receiving Party") in confidence and used solely for the purpose of this case. Counsel of record for the parties may maintain a copy of the Confidential Information for document retention purposes as well as their own documents that are work product or subject to attorney-client privilege. This Order shall continue to apply to information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" following the conclusion of this matter.

    (2)    All information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" disclosed or produced in the course of this litigation shall be used for purposes in the action *Gurner v. American Family Mutual Insurance Company, et al.,* Case No.

3:24-cv-00158-MMD-CSD and shall not be disclosed except in accordance with the provisions of this Order.

(3) All information designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be subject to the following additional restriction: It shall be held in confidence by counsel of record for the Receiving Party, experts, and consultants who execute the Undertaking attached hereto as Exhibit "A" and shall not be disclosed by said counsel to their respective clients or to anyone else, including (but not by way of limitation) any officers, directors, in-house counsel, general counsel, managing agents and/or employees of the Receiving Party, consultants retained by same, or employees of such consultants.

(4) All information designated "CONFIDENTIAL" shall be subject to the same restrictions as set forth in Paragraph II (3) above, except that such information may be disclosed by counsel of record to a named party, if that party is an individual, or to no more than three Directors, Officers, or employee representatives of a party if that party is a corporation.

IV. It shall be the responsibility of each party to this Order to advise all persons, including counsel of record and expert(s), shown or given any designated information, of this Order, and they shall be bound thereby. Furthermore, (with the exception of counsel of record, attorneys within the law firms of such counsel, and secretaries and paralegals of counsel of record and the court and court personnel) all persons authorized herein who are shown or given any designated information shall first sign an undertaking in the form attached hereto as Exhibit A.

V. This Order by itself shall not expand nor limit the rights of any party, during the course of discovery, either (1) to demand additional information on any ground, or (2) to object or withhold additional information or documentation. Nor, conversely, shall this Order limit the right of any party to move the Court to compel the production of any such evidence on any ground. Subject to the Producing Party seeking relief from the Court as provided in paragraph VII below, this Order shall not inhibit the dissemination or use of any Confidential Information if that same information has been or is obtained by the Receiving Party from sources other than, and independent from, the Producing Party, under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. Nothing in this Order by itself or in any Party's compliance

with its provisions shall be construed to preclude a Party from seeking and obtaining Confidential Information or other information by discovery request or judicial request or other judicial process in this or any other action.

VI.   In the event any Confidential Information is used in any proceeding herein, it shall not lose its designated status through such use, and the parties shall take all steps reasonably required to protect such confidentiality against misuse. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Except as expressly provided herein, the entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and conversely, except as expressly provided herein, by itself shall not relieve any party of the obligation of producing discoverable information in the course of discovery.

VII.   Maintenance of the protected status of any Confidential Information shall in all cases be subject to further order of this Court and nothing herein shall preclude any party upon reasonable notice to all parties from applying to this Court for any modification of this Order or moving the Court for an order changing the status of any designated information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional Protective Orders.  In such a motion, the party designating or seeking to restrict the use or distribution of any information or discovery material shall bear the burden of persuasion. The designations under Paragraph I(3) shall be made by the parties hereto reasonably and in good faith.

VIII.   (1)   Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Confidential Information. A Receiving Party that seeks to file any Confidential Information under seal must comply with Nevada Local Rule 10-5. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. Pursuant to Nevada Local Rule 10-5, a sealing order will be issued only upon the filing of a motion for leave to file documents under seal. If a Receiving Party's request to file Confidential Information under seal pursuant to Nevada Local Rule 10-5 is denied by the court, then

the Receiving Party may file the information in the public record unless otherwise instructed by the court.

        (2)    This Order shall not govern the use of Confidential Information at trial.

    IX.    The Parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and over them during and for 6 months after this action is terminated, for the purpose of enforcing this Order.

    X.    The Parties to this agreement may change its terms or effects by further mutual agreement in writing, as approved by the Court.

**SO STIPULATED AND AGREED:**

DATED this 26th day of March, 2025

        POLI, MOON & ZANE, PLLC

        By    */s/Michael N. Poli*
        Michael N. Poli, Nevada Bar No. 5461
        403 Hill Street
        Reno, Nevada 89501
        Tel. (602) 857-8180
        Attorneys for Plaintiffs

DATED this 26th day of March, 2025

        McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

        By    */s/Jonathan W. Carlson*
        Jonathan W. Carlson, Nevada Bar No. 10536
        Pamela L. McGaha, Nevada Bar No. 8181
        Chelsea M. Bravin, Nevada Bar No. 16503
        8337 West Sunset Road, Suite 350
        Las Vegas, Nevada 89113
        Tel. (702) 949-1100
        Attorneys for Defendant

### ORDER

**Paragraph IX is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.**

**IT IS SO ORDERED.**

DATED: March 26, 2025.

                Craig S. Denney
                United States Magistrate Judge

# Attachment A

## UNDERTAKING

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case signed by the Court on _____ in the case of *Gurner v. American Family Mutual Insurance Company, et al.*, Case No. 3:24-cv-00158-MMD-CSD, in the United States District Court, District of Nevada.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

6. I hereby consent to be subject to personal jurisdiction of the United States District Court, District of Nevada, in respect to any proceeding relative to the enforcement of the Protective Order, including any proceedings relative to contempt of Court.

_____
Signature

DATED this ___ day of _____, 2025

[FIRM NAME]

By _____
[ATTORNEY NAME]
Attorneys for [Party]

11385309.1

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

7