# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN GURNER, et al.,

    Plaintiffs

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendants

Case No.: 3:24-cv-00158-MMD-CSD

**Order**

Re: ECF No. 96

The court has reviewed Plaintiffs' discovery motion (ECF Nos. 96, 96-1) and Defendant's response (ECF Nos. 99, 99-1) concerning Defendant's assertion that documents labeled AFICS Claim (363069) 000046-51, 000055-58, which have been produced to Plaintiff in redacted form, are subject to work product protection, attorney-client privilege, and are not relevant.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and (ii) describe the nature of the [information] not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

The party withholding documents as privileged or protected has the burden of establishing the privileged character of the information. *In re Grand Jury Investigation*, 974 F.2d 1069, 1070 (9th Cir. 1992) (attorney-client privilege); *Spargo v. State Farm Fire & Cas. Co.*, 2017 WL 2695292 (D. Nev. June 22, 2017) (citation omitted) (work product). This is typically

done through a privilege log. *In re Grand Jury Investigation,* 974 F.2d at 1071 (citation omitted). "[A] proper assertion of privilege must be more specific than a generalized boilerplate objection." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005).

The attorney-client privilege protects confidential communications between an attorney and client (or their representatives) made for the purpose of obtaining legal advice. Nev. Rev. Stat. 49.095.

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery "documents and tangible things prepared by a party of his representative in anticipation of litigation or for trial  by or for another party or its representative[.]" Production of documents otherwise protected by the doctrine may only be ordered upon a showing of "substantial need" and "undue hardship" in obtaining the "substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

Opinion work product—an attorney's mental impressions, conclusions, opinions or legal theories—is only discoverable when counsel's mental impressions are at issue and there is a compelling need for disclosure. *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). *Holmgren* confirmed that "[i]n a bad faith insurance claim settlement case, the strategy, mental impressions, and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue." *Holmgren*, 976 F.2d at 577 (citation and quotation marks omitted). The party seeking production must still demonstrate the need for this information is compelling and not available elsewhere. *See id*.

The court finds that the information provided in Defendant's privilege log is not sufficient to allow the court to assess the claim of attorney-client privilege or work product

protection. Preliminarily, the privilege log lists the date for each of these documents (as well as various others that are not the subject of this motion) as March 20, 2024; however, Plaintiff represents that the documents each have different dates. Moreover, the only description of the documents in the privilege log is as follows: "Claim Summary containing mental impressions, conclusions, and legal theories of an adjuster[.]" (ECF No. 99-1 at 34.) The remainder of the so-called description is just a summary of the privileges being asserted in the next column. The brief, conclusory statement that each of the documents contain mental impressions, conclusions and legal theories of an adjuster does not allow the court to determine the applicability of the attorney-client privilege or work product doctrine.

As such, the court will require Defendant to produce the documents at issue for *in camera* *review* to determine applicability of the attorney-client privilege or work product doctrine.

## CONCLUSION

On or before **January 13, 2026**, Defendant shall deliver to chambers, in compliance with Local Rule IA 10-04, unredacted as well as the redacted copies of the documents identified AFICS Claim (363069) 000046-51, 000055-58 for *in camera* review.

**IT IS SO ORDERED**.

Dated: January 6, 2026

_____
Craig S. Denney
United States Magistrate Judge