UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN GURNER, *et al.*, | Case No. 3:24-cv-00158-MMD-CSD |
| Plaintiffs, | ORDER |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiffs John Gurner, Michelle Gurner, Claire Gurner, and Cameron Gurner filed suit against Defendant American Family Mutual Insurance Company for property loss after a fire occurred at their home. Before the Court is Defendant's motion to dismiss Plaintiffs' fourth cause of action for negligent spoliation of evidence. (ECF No. 61 ("Motion").)[1] As explained below, the Court grants the Motion.

**II.   BACKGROUND**[2]

On July 4, 2023, a fire caused significant property damage to Plaintiffs' home in Stateline, Nevada. (ECF No. 58 at 2-3.) At the time the fire occurred, the home was insured with Defendant pursuant to an American Family Mutual Insurance policy. (*Id*. at 2.) After the fire, Plaintiffs timely submitted an insurance claim to Defendant and informed Defendant that they intended to repair or rebuild their home. (*Id*. at 3.)

The fire was determined to have started in the garage of Plaintiffs home. (*Id.* at 6.) During Defendant's investigation of Plaintiffs' claim, Defendant was informed that the fire may have been started in the garage of Plaintiff's home by a portable battery charger that

---

[1]Plaintiffs responded (ECF No. 68 ("Response")) and Defendant replied (ECF No. 70 ("Reply")).

[2]The following facts are adapted from Plaintiffs' Second Amended Complaint (ECF No. 58 ("SAC")). Only facts relevant to the Motion are recited here.

Plaintiffs had purchased from or through the Amazon internet platform ("Amazon"). (*Id.* at 6.) Defendant hired NEFCO Fire Investigations ("NEFCO") to investigate the cause and origin of the fire and notified Amazon of possible subrogation claims. (*Id.*)

On August 21, 2023, Defendant arranged and facilitated an inspection of Plaintiffs' home by its investigator from NEFCO and Amazon's investigators. (*Id.*) Defendant did not notify or seek approval from Plaintiffs for the inspection until the night before the inspection. (*Id.*) The resulting investigation was inappropriate, incomplete, and incompetent, and did not follow reasonable or proper protocol for conducting an inspection. (*Id.*) The search started in the area of the garage where the fire started and was limited to that area. (*Id.* at 7.) After the investigators found some artifacts at the origin of the fire, they apparently believed that they found the remnants of the battery charger and terminated their inspection. (*Id.*) Defendant and its investigator did not search the entire garage for evidence nor secure the garage until a full search was completed. (*Id.*) Due to the lithium content of the battery, remnants of the battery charger were strewn throughout the garage. (*Id.*)

Plaintiffs' SAC alleges causes of action for (1) breach of contract and breach of the implied duty of good faith and fair dealing, (2) tortious bad faith claim handling, (3) violation of Nevada Fair Claim Practices Act, NRS § 686A.310 and NAC § 686, *et seq.*, and, as relevant to the Motion before the Court, (4) negligence. (ECF No. 58.)

## III.    DISCUSSION

Defendant moves to dismiss Plaintiffs' negligence claim arising from Defendant's alleged spoliation of evidence under Federal Rule of Civil Procedure 12(b)(6).[3] (ECF No. 61.) Defendant argues that this claim fails as a matter of law because spoliation of evidence is not recognized as an independent tort in Nevada. (*Id.* at 5-10.) Plaintiffs

---

[3] *See* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth).

2

counter that Defendant had an affirmative duty to preserve evidence of the fire because it knew or should have known that litigation related to the fire was likely and that a court in this district has recognized negligent spoliation of evidence as a separate cause of action. (ECF No. 68 at 8-9.)

Under Nevada law, courts "decline to recognize an independent tort for spoliation of evidence. *Timber Tech Engineered Bldg. Prods. v. The Home Ins. Co.*, 55 P.3d 952, 954 (2002) (holding that a negligence claim for spoliation does not exist under the circumstances presented). Courts in this district have held that "a negligence claim for spoliation may exist where the circumstances of the case show that the defendant owed a duty to the plaintiff to preserve the evidence." *Contreras v. Am. Fam. Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1220 (D. Nev. 2015) (finding such duty where plaintiff specifically requested defendant to preserve all relevant evidence and defendant indicated its intent to comply). Where courts have found such duty, there was an express promise to preserve evidence such that negligent spoliation of evidence functioned like a contract principle of promissory estoppel or a tort theory of voluntary assumption of a duty. *See Banq, Inc. v. Purcell*, No. 2:22-CV-00773-APG-DJA, 2025 WL 2163327, at *15 (D. Nev. July 29, 2025) (collecting cases).

The Court agrees with Defendant. Even accepting as true all well-pled allegations in the SAC, Plaintiffs have failed to state a claim. Plaintiffs allege that Defendant arranged and facilitated an inspection of Plaintiffs' home, and Defendant owed Plaintiffs a duty. But Plaintiffs do not allege anywhere that Defendant made any express promise to preserve evidence, nor do they allege Plaintiffs made any request for Defendant to preserve evidence to which Defendant complied. A conclusory statement that Defendant owed Plaintiff a duty does not create a duty. Moreover, Plaintiffs attempt to argue in their Response that Defendant had an affirmative duty to preserve evidence under *Contreras* because the parties were in litigation and thus litigation was clearly anticipated at the time of the alleged spoliation. (ECF No. 68 at 9.) But Plaintiffs misconstrue *Contreras*. In *Contreras*, the Court held that the defendant insurer owed plaintiffs a duty to preserve

evidence because the plaintiffs "specifically requested" the defendant to preserve all relevant evidence and the defendant took actions to comply with the request including communicating with plaintiffs' counsel after the request. *Contreras*, 135 F. Supp. 3d at 1220; *see also Banq,* 2025 WL 2163327 at *15 (clarifying the *Contreras* Court found a duty because of defendant's voluntary assumption of the duty, not the foreseeability of litigation).

Because Plaintiffs have failed to state a claim upon which relief may be granted and amendment would be futile, the Court grants Defendant's motion.[4]

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 61) is granted. Plaintiffs' fourth cause of action for negligent spoliation of evidence is dismissed with prejudice.

DATED THIS 7th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Plaintiffs request leave to amend their complaint if it is possible to correct or eliminate any deficiencies. (ECF No. 68 at 7.) However, dismissal is proper where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).