**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN GURNER, et al.,

     Plaintiff

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

     Defendant

Case No.: 3:24-cv-00158-MMD-CSD

**Order**

Re: ECF No. 96

Pursuant to the court's Civil Standing Order, Plaintiffs filed a discovery motion seeking to compel defendant American Family Mutual Insurance Company (American Family) to produce an unredacted version of certain documents provided in a redacted form by American Family from its claims log/notes. (ECF Nos. 96, 96-1.) The redacted version of the documents produced to Plaintiffs was accompanied by a privilege log which asserted that the redacted documents were subject to objections on the basis of relevance, attorney-client privilege and the work product doctrine.

American Family filed a response. (ECF Nos. 99, 99-1.)

The court reviewed the briefing, and on January 6, 2026, entered an order finding that the information in American Family's privilege log was insufficient to allow the court to assess whether the documents were protected by the attorney-client privilege and work product doctrine. The court required American Family to provide the documents at issue to the court *in camera* in redacted and unredacted form. (ECF No. 109.) American Family provided the documents to the court *in camera*. The court has undertaken a review of the documents and

issues this Order requiring American Family to produce the unredacted pages at issue to Plaintiffs.

### I. BACKGROUND

According to Plaintiffs' Second Amended Complaint, a fire occurred at Plaintiff's home in Stateline, Nevada, on July 4, 2023, causing significant property damage and resulted in Plaintiffs being displaced from their home. The home was insured pursuant to a policy with American Family. After the fire, Plaintiffs submitted an insurance claim to American Family, informing their insurer that they intended to repair and rebuild their home. Plaintiffs allege that American Family failed to conduct a prompt, fair, and complete investigation of the claim. Plaintiffs are proceeding with claims for breach of contract, insurance bad faith, violation of Nevada's Unfair Claims Settlement Practices Act and Fair Claims Practices Act. (Second Amended Complaint, ECF No. 58.)[1]

Through its initial disclosures, American Family produced its claim handling log/notes generated through March 14, 2024, accompanied by a privilege log. (Poli Decl., ECF No. 96-1 ¶ 7; ECF No. 99-1 at 31, 34.) For the documents at issue (among others), American Family included the following description in its privilege log: "Claim summary containing mental impressions, conclusions, and legal theories of an adjuster." It then provided a summary of the objections/privileges being asserted, including relevance, attorney-client privilege, and work product doctrine. (ECF No. 99-1 at 34-35.)

The parties met and conferred, but they were unable to come to a resolution. (Poli Decl., ECF No. 96-1; McGaha Decl., ECF No. 99-1.) This motion followed.

---

[1] District Judge Du dismissed with prejudice the negligence claim based on alleged spoliation of evidence. (ECF No. 111.)

Plaintiffs argue the claim log/notes of American Family's adjusters on this claim are relevant and discoverable in this insurance bad faith action, and American Family has failed to meet its burden of demonstrating the application of the work product doctrine.

American Family argues the documents are protected by the work product doctrine as well as the attorney-client privilege. With respect to the work product doctrine, American Family asserts that Plaintiffs have not established the need for the redacted information is compelling nor that it is otherwise unavailable.

## II. DISCUSSION

Preliminarily, while Plaintiffs' motion requests an order compelling the production of unredacted versions of documents bates labeled AFICS Claim (363069) 1-3, 46-51, 55-58, 121-124, the motion only focuses on pages 46-51 and 55-58, and those are the ten (10) pages that were produced by American Family *in camera*. Therefore, the court's order only focuses on those 10 pages as no specific argument was made with respect to pages 1-3 or 121-124.

First, while American Family's privilege log contains an objection on the basis of relevance, American Family appears to have conceded the relevance of the claim log/notes at issue by producing them, albeit in redacted form. In any event, the court finds the claim log/notes at issue, which include an evaluation of "high-risk indicators," "claim health metrics," and "special investigation details," are relevant to how American Family's adjusters handled this claim, which goes to the heart of this bad faith insurance action. *See Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (citation and quotation marks omitted) ("In a bad faith insurance claim settlement case, the strategy, mental impressions, and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue.").

Second, the court will address the application of the attorney-client privilege and work product doctrine to these documents. The party withholding documents as privileged or protected has the burden of establishing the privileged or protected character of the information. *In re Grand Jury Investigation*, 974 F.2d 1069, 1070 (9th Cir. 1992) (attorney-client privilege); *Spargo v. State Farm Fire & Cas. Co.*, 2:16-cv-03036-APG-GWF, 2017 WL 2695292, at *2 (D. Nev. June 22, 2017) (citation omitted) (work product).

A federal court sitting in diversity applies state law to substantive issues and federal law to procedural issues. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *State Farm Fire & Cas. Co. v. Smith*, 907 F.2d 900, 902 (9th Cir. 1990). The attorney-client privilege is governed by state substantive law, whereas the work product doctrine is governed by federal procedural law. Fed. R. Evid. 501; Fed. R. Civ. P. 26(b)(3).

The court does not find the documents are subject to the attorney-client privilege. The attorney-client privilege protects confidential communications between an attorney and client (or their representatives) made for the purpose of obtaining legal advice. Nev. Rev. Stat. 49.095.

Neither American Family's privilege log nor its response to Plaintiffs' motion demonstrate how the subject documents are protected from production by the attorney-client privilege. In meet and confer correspondence, American Family generally asserted that post-litigation claim file communications have been "inextricably intertwined with counsel's direction and opinions," but nothing in the documents themselves indicates any attorney involvement or any confidential communications to counsel, and American Family has provided no other information to demonstrate an attorney's involvement. Instead, the documents contain simple categories of information supplied by the claims adjuster.

Under the heading of "high risk indicators," "claim health metrics," and "special investigation details," the adjuster provided information that appears would be routinely provided by an insurance adjuster, whether or not the claim was involved in litigation. Moreover, much of the information contained in these documents consists of facts that are not independently protected by the attorney-client privilege. *See Wardleigh v. Second Jud. Dist. Ct.*, 891 P.2d 1180, 1184, 111 Nev. 345, 352 (1995) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981)).

In sum, American Family has not met its burden of establishing the applicability of the attorney-client privilege to these documents.

Nor does the court find the documents are protected work product. The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery "documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial by or for another party or its representative[.]" Production of documents otherwise protected by the doctrine may only be ordered upon a showing of "substantial need" and undue hardship" in obtaining the "substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

Opinion work product—an attorney's mental impressions, conclusions, opinions, or legal theories—is only discoverable when counsel's mental impressions are at issue, and there is a compelling need for disclosure. *Holmgren,* 976 F.2d at 577.

Courts have recognized the unique challenge in determining whether the work product doctrine applies to insurance claim and investigation records. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 197 F.R.D. 620, 620 (N.D. Iowa Dec. 19, 2000). This is "[b]ecause an

insurer's business is to investigate claims that may or may not result in litigation." *See id.* (citation and quotation marks omitted).

Here, the preliminary question is whether the documents at issue were prepared in anticipation of litigation or for trial. In this case, the documents appear to have been prepared just after Plaintiffs filed suit in this action. The pages at issue each have a date stamp of March 20, 2024, and this litigation was originally filed in state court on March 1, 2024. The fact that a document was prepared after litigation commenced does not, in and of itself, mean the document is protected work product.

Instead, "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (citation and quotation marks omitted). The court looks at "the totality of the circumstances," and the doctrine "affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" *Id*. at 908 (citation and quotation marks omitted).

A review of the claim log/notes at issue as well as the briefing submitted by American Family leads the court to conclude the documents would have been created in substantially similar form regardless of whether the Plaintiffs filed suit. Other than a single notation that the case was in litigation, all of the information included by the claims adjuster appears to be information that would be routinely supplied by the adjuster in the normal course of business, whether litigation was initiated by the insured or not. The information appears to be of a factual

nature as opposed to legal opinions or theories. "[C]ourts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies" and "even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection." *Piatkowski v. Abdon Callais Offshore, LLC*, No. Civ.A.99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000) (citations omitted).

There is no evidence here, unlike *In re Grand Jury Subpoena*, that the claims log/notes were prepared under the direction of an attorney or that they were "prepared for the overall purpose" of use in the litigation. There is also no suggestion that any legal theories or opinions are significantly intertwined in these documents. In other words, this is not an instance where the "litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *In re Grand Jury Subpoena*, 357 F.3d at 910. American Family has provided no additional information to cause the court to conclude that the information provided by the claims adjuster in these pages was anything other than that which would exist in the absence of a lawsuit.

That is not to say that other claims notes prepared post-litigation will not be deemed work product. That analysis must be undertaken on an individual basis. The court simply finds American Family has not met its burden of demonstrating a purpose for the preparation of these specific 10 pages of documents other than routine claims handling and investigation. Therefore, the burden does not shift to Plaintiffs to demonstrate substantial need and unavailable of the information.

Finally, the court declines to award Plaintiffs fees incurred in connection with this motion. This motion was brought pursuant to the court's Civil Standing Order, and the court did

7

not determine that full briefing of a motion to compel under Federal Rule of Civil Procedure 37 was warranted. One of the purposes of the Civil Standing Order is to fast-track discovery issues so that the parties do not spend an extraordinary amount of time at significant expense resolving these issues. The court appreciates that Plaintiffs did spend time and effort seeking to compel the production of these documents, but it was significantly less than would have been involved in full briefing on a motion to compel under Rule 37. The court was able to resolve the issue in a relatively expeditious fashion, and the court exercises its discretion to not award fees in connection with bringing this motion.

### III. CONCLUSION

Plaintiffs' discovery motion (ECF No. 96) is **GRANTED** insofar as American Family must produce documents bates labeled 46-51 and 55-58 to Plaintiffs unredacted on or before **January 21, 2026**.

**IT IS SO ORDERED**.

Dated: January 15, 2026

_____
Craig S. Denney
United States Magistrate Judge