UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN GURNER, et al.,

     Plaintiffs

v.

AMERICAN FMAILY MUTUAL
INSURANCE COMPANY,

     Defendant

Case No.: 3:24-cv-00158-MMD-CSD

**Order**

Re: ECF No. 106

Plaintiffs filed a motion regarding discovery dispute asking the court to find that Defendant American Family Mutual Insurance Company (American Family) waived all asserted privileges over any information contained in its claim handling log/notes entered after March 14, 2024; that American Family has a continuing obligation to produce claim handling log/notes; and that Plaintiffs be awarded attorney's fees and costs in connection with the filing of this motion. (ECF No. 106.) American Family filed a response. (ECF No. 117.) Plaintiffs filed a reply. (ECF No. 119.)

For the reasons set forth below, Plaintiffs' motion is denied.

**I. BACKGROUND**

A fire occurred at Plaintiffs' home in Stateline, Nevada, on July 4, 2023, causing significant property damage and resulted in Plaintiffs being displaced from their home. The home was insured pursuant to a policy with American Family. Plaintiffs submitted an insurance claim to American family. However, Plaintiffs allege that American Family failed to conduct a prompt, fair, and complete investigation of the claim. Plaintiffs are proceeding with this action

for breach of contract, insurance bad faith, and violation of Nevada's Unfair Claims Settlement Practices Act. (Second Amended Complaint, ECF No. 58.)

Through its initial disclosures, American Family produced its claim handling log/notes generated before March 14, 2024, and an accompanying privilege log, on May 8, 2024. (ECF No. 106-2 at 5, 8-17.)[1] On October 28, 2025, it disclosed post-litigation claim handling log/notes with an accompanying privilege log. (ECF No. 106-5.)

Plaintiffs argue that in delaying the production of the post-litigation claim handling log/notes and accompanying privilege log until October 28, 2025, American Family violated Rule 26(e), and waived any associated privilege or work product protection.

American Family argues that Rule 26(e) does not impose a 30-day ongoing rolling duty to supplement disclosures. American Family asserts that it initially objected to producing post-litigation claim notes, taking the position that notes created after litigation had commenced and counsel became involved were privileged and/or protected work product. Once it became clear through meet and confer efforts that Plaintiffs were seeking the production of post-litigation claim notes that contained relevant and non-privileged/protected information, American Family re-evaluated its position and produced the materials with redactions and an accompanying privilege log. American Family maintains that it did not waive any privilege or work product protection.

///

///

---

[1] The first entry in the privilege log does have a date of March 20, 2024, with assertions of work product protection and attorney-client privilege for documents labeled AFICS CLAIM (363069) 1-5, 46-51, 55-58, 63-74, 76, 86-87, 90, 92, 94, 98-101, 105, 107, 121-124. (ECF No. 106-2 at 8-9.)

**II. DISCUSSION**

Discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Rule 26(a) requires a party, without awaiting a discovery request, to provide to other parties certain information and documents it may use to support its claim or defenses. Fed. R. Civ. P. 26(a). A party is required to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

If a party fails to make a disclosure required under Rule 26(a), the other party may file a motion to compel disclosure and request appropriate sanctions. Fed. R. Civ. P. 37(a)(1), (3)(A).

Rule 26(e) does not provide a specific timeline for supplementing initial disclosures. "Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Fed. R. Civ. P. 26(e) advisory committee note to 1993 amendment. The comments do not elaborate on what is an "appropriate interval."

Both parties rely on *Burlington Northern & Santa Fe Railway Company v. U.S. District Court for the District of Montana*, 408 F.3d 1142 (9th Cir. 2005), to support their position.

In *Burlington*, the defendant responded to document requests, but never provided a privilege log, despite both parties' expectation that a privilege log would be provided. *Id*. at 1145. Burlington eventually provided a privilege log *after* the motion to compel was filed. Even then, the plaintiffs claimed that the privilege log did not provide sufficient information to determine whether a privilege applied. *Id.* at 1146.

The Ninth Circuit rejected a *per se* rule that the failure to timely produce a privilege log within Rule 34's 30-day time limit for responding to requests for production of documents results in an automatic waiver of privileges. *Id*. at 1147, 1149. Instead, the Ninth Circuit instructed courts to "make a case-by-case determination," considering the following factors:

> [T]he degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged …; the timeliness of the objection and accompanying information about the withheld documents …; the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy … or unusually hard.

*Id*. The court instructed that these factors should be analyzed "in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id*.

There, the court found a waiver was appropriate where the privilege log was filed five months after the 30-day time limit in Rule 34 (and after the motion to compel was filed); the defendant was a "sophisticated corporate litigant and repeat player" in these types of lawsuits; the record demonstrated that many of the same documents had been produced in a prior lawsuit; and the assertion of privilege was insufficient. *Id*. at 1149-50.

Preliminarily, American Family's responsive brief suggests it is taking the position that the post-litigation claim handling notes are not relevant, but the court has already concluded in connection with another discovery motion filed by Plaintiffs that claim handling materials which show how American Family's adjusters handled (and continue to handle) this claim, go to the heart of a bad faith insurance action. *See* ECF No. 113 at 3:14-22, citing *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).)

Next, the court finds this case is distinguishable from *Burlington*.

First, Plaintiffs do not make an argument that the assertion of privilege is insufficient with respect to these documents, *i.e.*, that the privilege log does not enable Plaintiffs or the court to evaluate whether these documents are privileged.

Second, the 30-day guideline discussed in *Burlington* was in the context of a response to a request for production of documents under Rule 34, and not supplementation of initial disclosures under Rule 26(e). In the context of supplementing initial disclosures, courts have generally considered whether the timing of the disclosure is reasonable based on what information was available to the party and when. *See E.g. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017) (citing *American Gen. Life Ins. Co v. Vistana Condo. Owners Assoc.*, No. 2:12-cv-01324-JAD-NJK, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016)).

In this instance, American Family initially took the position that the post-litigation claim handling log/notes were privileged and/or protected work product. American Family does not dispute that it did not provide any supplementation and/or a privilege log with respect to post-litigation claim notes until October 28, 2025. Even if it claimed that those materials were protected by the attorney client privilege and/or work product doctrine, American Family should have identified the documents and provided an updated privilege log "at appropriate intervals," which likely would have occurred sooner than the time that elapsed between the initial disclosures on May 8, 2024, and the October 28, 2025 supplement.

The court is mindful, however, of the Ninth Circuit's instruction to engage in this analysis in the context of "holistic reasonableness." In that light, the court cannot ignore the inexplicable fact that Plaintiffs did not raise the issue of production of post-litigation claims notes materials until late August 2025—some fifteen months after the initial disclosures first

identified the claim handling notes/log. (ECF No. 106-1 at 5 ¶ 11.)[2] Once the issue was raised, the parties engaged in meet and confer efforts, and American Family produced redacted versions of the post-litigation claim handling log/notes at the end of October 2025, two months after the meet and confer process on this issue began.

Third, the parties do not spend much time on this factor, but American Family briefly discusses that it has produced a significant number of documents in this action. This ties in with the last factor, which suggests that a significant document production may make responding to discovery unusually hard. While Plaintiffs argue that American Family is a sophisticated corporate litigant, they do not argue that the circumstances present in *Burlington*—where the same documents were already produced in prior litigation—exist here.

In sum, "[f]inding a waiver of privilege is an exceedingly severe outcome," that the court does not find is justified under these circumstances. *United States v. Al-Shawf*, No. ED CV 16-1539-ODS (SPx), 2017 WL 5997440, at * 4 (C.D. Cal. Sept. 5, 2017) (citation omitted). While American Family should have identified and updated its privilege log with respect to the post-litigation claim file documents earlier than it did, it does not find a waiver of all privileges and protection is appropriate where the Plaintiffs did not raise the issue of production of these documents until fifteen months after the initial disclosures were made. Once the issue was raised, American Family was cooperative in the meet and confer process and provided a supplement to its initial disclosures and updated privilege log within a reasonable time.

The court will not impose a rolling obligation for American Family to supplement its initial disclosures every 30 days, but instead, all parties are obligated to update their initial

---

[2] Nor does it appear that Plaintiffs served a request for production seeking this information under Rule 34.

disclosures in accordance with Rule 26(e), *i.e.*, within a reasonable time of learning that the material disclosed is incomplete or incorrect. American Family is certainly on notice now of the need to timely identify and provide an accompanying privilege log for any additional post-litigation claim handling log/notes and the failure to do so in the future may result in another motion and the imposition of sanctions under Rule 37.

Finally, the court will address Plaintiffs' request for sanctions. Given the courts findings, it declines to impose sanctions under Rule 37. In exercising discretion to determine whether to impose sanctions, courts consider whether the failure to comply with the initial disclosure requirements was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Plaintiffs' motion does not argue they suffered from any specific prejudice as a result of the timing of American Family's disclosure of the post-litigation claim handling log/notes. The only argument Plaintiffs make that they were prejudiced by the late disclosure is in their reply brief and is not specifically related to the issue of the timing of the disclosure of the post-litigation claim handling documents. The argument relates to alleged "piecemeal removal" of improper redactions from its initial redactions, which Plaintiffs claim caused an undue burden in counsel attempting to organize the notes for use in the first deposition of American Family's adjuster, Carlos Angula, on January 16, 2026. (ECF No. 119 at 3.) Plaintiffs do not argue they were unable to effectively question the adjusters about post-litigation claims handling as a result of the timing of the production.

In the absence of any prejudice identified with respect to the supplementation at issue, the court finds the failure to supplement its initial disclosures with respect to the post-litigation claims handling documents was harmless, and sanctions are not justified.

///

### III. CONCLUSION

Plaintiffs' discovery motion requesting the court find a waiver of privilege with respect to any information contained in its claim log notes entered after March 14, 2024, and requesting sanctions (ECF No. 106) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 10, 2026

_____
Craig S. Denney
United States Magistrate Judge